IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 14, 2006

## ANDREW ROCHESTER v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Wayne County**
**No. 13594     Robert L. Jones, Judge**

---

**No. M2005-01468-CCA-R3-PC - Filed June 8, 2006**

---

In this post-conviction action, the petitioner, Andrew Rochester, contends that trial counsel was ineffective by:  (1) failing to file a motion to suppress evidence taken from his vehicle after his arrest; (2) failing to object to testimony elicited from two witnesses not qualified as experts; and (3) failing to comply with the requirements of Momon v. State on the record at trial.  Following our review, we conclude that counsel was not ineffective in his representation; therefore, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Claudia S. Jack, District Public Defender, and Robert H. Stovall, Jr., Assistant Public Defender, for the appellant, Andrew Rochester.

Paul G. Summers, Attorney General and Reporter; C. Daniel Lins, Assistant Attorney General; T. Michel Bottoms, District Attorney General; and Joel D. Dicus, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Facts and Procedural History

The petitioner was convicted of one count of burglary (Class D Felony) and was sentenced as a Range III, career offender, to twelve years in the Department of Correction.  On August 6, 2004, the petitioner filed a pro se petition for post-conviction relief asserting that trial counsel was ineffective because (1) he did not argue the "illegal search" of his vehicle at trial, and (2) he did not object to statements made by witnesses lacking expert qualifications, therefore waiving the issue on appeal.  Appointed counsel filed an amendment to the petition for post-conviction relief on May 4, 2005, asserting that counsel was ineffective by failing to follow the mandates of Momon v. State,

18 S.W.3d 152 (Tenn. 1999), during the trial. The post-conviction court conducted a hearing on May 11, 2005, and denied the petition for relief. On May 20, 2005, the post-conviction court entered an order and memorandum opinion setting out the court's findings of fact and conclusions of law.

At the post-conviction hearing, the petitioner testified that he would have taken the stand at trial if he had been properly advised by trial counsel as to the prior convictions that would be used against him. He claimed that he was concerned because his prior convictions involved incidents at schools, as in the present case, and that would prejudice the jury against him. He said that he would have explained to the jury that he was at the school looking at a map when he heard the alarm sound and that he drove off when the alarm sounded because of his prior history of criminal activity at schools. He further testified that he did not engage in a Momon voir dire on the record and that he made the decision not to testify solely on the advice of counsel. He also claimed that his general sessions court counsel told him that he had a good search issue which he should pursue. He said that he asked his trial counsel to file a motion to suppress and that counsel did not file any motion to suppress.

On cross-examination, the petitioner testified that the screwdriver and hook introduced by the State as burglary tools were found in a jacket he was wearing after he was arrested and in police custody. He said that the officers should not have been allowed to call the items "burglary tools" during their testimony. He also said that counsel objected to the introduction of the items as irrelevant but the trial court ruled they were relevant. The petitioner initially testified that he did not recall the jury-out hearing where the State agreed they would not use his prior theft and burglary convictions if he testified. When refreshed with the trial transcript, the petitioner agreed that the State would not have used the convictions against him had he taken the stand in his defense. He said that he did not like the court's ruling as to the admissibility of his prior convictions for vandalism and aggravated assault because they were related to an incident at a school.

The petitioner's general sessions court counsel testified at the hearing that he did not recall telling the petitioner that he had a good suppression issue and that he did not recall enough about the case to say that a motion to suppress should have been filed. On cross-examination, he said that whether to file a motion to suppress is trial strategy and, further, that if an attorney feels that a motion is frivolous that he might not file it.

Next, trial counsel testified that the first time he could recall the petitioner raising a suppression issue was in a letter after his conviction. Counsel said that he did contemplate the search issue prior to trial but did not think that the items were suppressible because he believed that the officer could justify the search on different theories. He claimed that he did not believe the motion to suppress was meritorious. Counsel testified that at the conclusion of the state's proof at trial, he met privately with the petitioner to discuss whether he should testify and that he always discusses the pros and cons of testifying with his clients. He said that the ultimate decision whether to testify is left to his client.

On cross-examination, counsel testified that he objected to the relevance of the introduction of the tools. He did not object to the qualification of the police officers as experts to characterize the seized instruments as burglary tools. As to the search of the vehicle, he said that he believed it was a valid search either as a search incident to arrest or as an inventory search. He further said that it was his understanding that the general sessions judge ruled that the search was a valid inventory search. Counsel then agreed that there might have been a legitimate search issue and that it would have been better practice to have filed a motion to suppress even though he still believed that the motion would not have been successful. He testified that his failure to file the motion could have had an impact on the case. He also said that he did not believe that it was proper for the police officer to give opinion testimony as to the characterization of the items as burglary tools. As to the Momon issue, counsel said that this trial occurred after the Momon decision was handed down, but it was not the practice in the local courts at the time for counsel to engage the defendant in the voir dire regarding the right to testify. Finally, he said that he was not given a written inventory of the search of the car but that was often the case and he did not believe the absence of a written inventory was fatal to a justification of a search of a vehicle based on it being an inventory search.

The final witness to testify at the post-conviction hearing was the officer responsible for the investigation. He testified that at the time of the incident he was employed by the Waynesboro City Police Department as a Lieutenant in Criminal Investigation. He said that he was involved in the search of the petitioner's vehicle while it was parked on the Waynesboro police station lot. He said that the petitioner was arrested at the time of the search and was in custody in the booking room of the police station. He recalled that there was no one to take possession of the vehicle so it was necessary to perform an inventory search once the vehicle was impounded. He testified that it was police department policy to inventory an impounded vehicle and release it to a wrecker, but they did not call a wrecker because they felt the vehicle would be okay where it was parked after completing the inventory. Finally, he said that he found the crowbar and correct tags to the vehicle during the inventory search.

On cross-examination, he testified that the inventory search was done because the department would be responsible for items in the vehicle if anything was missing when the petitioner took control of the vehicle after his release. He further testified that he could not recall whether or not they made a written inventory list. During redirect examination, he said that he believed the city was responsible for the vehicle once the petitioner was arrested.

At the conclusion of the hearing, the post-conviction court denied the petition and specifically stated for the record the reasons for denying relief. With regard to the Momon issue, the post-conviction court found that much of what the petitioner said he would have testified to if he had taken the stand was brought out at trial by other witnesses and that he was not prejudiced by not testifying. The post-conviction court found that the petitioner freely elected not to testify. The post-conviction court also found that the motion to suppress would not have been successful to exclude the tools, crowbar, and changed license plate because the inventory search conducted by the police was valid. The post-conviction court determined that the State laid the proper foundation for the opinion given by the officer with regard to the characterization of the items found to be burglary

tools. The post-conviction court found that the level of expertise needed to describe tools as lock-picking tools was very minimal based on how the officer had previously seen them used. Finally, the post-conviction court found that counsel represented his client effectively and that there was no basis for post-conviction relief.

## Analysis

The petitioner contends that he received ineffective assistance of counsel. When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the petitioner bears the burden of proving that: (1) counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687 (1984). This standard has also been applied to the right to counsel under Article I, § 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court required that the services be rendered within the range of competence demanded of attorneys in criminal cases. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689; see Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002). The petitioner bears the burden of proving by clear and convincing evidence the factual allegations that would entitle the petitioner to relief. T.C.A. § 40-30-110(f). This court is bound by the post-conviction court's findings of fact unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001).

I. Suppression Issue

First, the petitioner avers that counsel should have filed a motion to suppress evidence taken from his vehicle after he had been arrested and taken into custody. The petitioner claims that he requested that counsel file the motion to suppress after being advised by his general sessions counsel that he had a valid search issue. However, the post-conviction court found that the items the petitioner sought to have suppressed were obtained by the State during a valid search. The post-conviction court further found that the search of the petitioner's vehicle was an inventory search on the police parking lot where the petitioner stopped his car and was not in violation of his Fourth Amendment rights. Specifically, the post-conviction court credited the testimony of trial counsel that he did not file to suppress the evidence obtained in the search because he did not feel a motion to suppress would be successful.

Upon review of the record, we conclude that the evidence presented on appeal does not preponderate against the findings of the post-conviction court. The testimony reveals that it was part of counsel's trial strategy not to file a motion to suppress. Counsel's performance will not be judged in hindsight, and this court will not second guess counsel's decisions regarding trial strategies and

tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Owens v. State, 13 S.W.3d 742, 749 (Tenn. Crim. App. 1999). Rather, counsel's alleged errors will be judged from the point of time from which they were made in light of all the facts and circumstances at that time and from the perspective of counsel. Strickland, 466 U.S. at 690. Despite the fact that he conceded in part that a better strategy might have been to file the motion to suppress, he did not feel that the motion would have been successful. The post-conviction court found that the testimony of the police officer confirmed that the search was a valid inventory search and would have been a valid reason to overrule the motion to suppress. The petitioner has failed to meet the burden set forth in Strickland with regard to the motion to suppress.

II. Expert Testimony Issue

Second, the petitioner contends that he received ineffective assistance because counsel failed to object to expert testimony given by the police in characterizing items seized during the investigation as burglary tools. This court has concluded that a lay witness may offer opinions if they are based on the witness's own observations. State v. Kilburn, 782 S.W.2d 199, 203 (Tenn. Crim. App. 1989). Here, the opinion that the instruments were burglary tools was based upon the witness' observations. His testimony at trial was that he had previously seen these tools used to pick locks. His conclusions required no expertise and were within the range of common experience. Here, the opinion was based on the witness' observations. In our view, there was no error in the admission of this testimony.

III. Right to Testify: Momon Issue

Finally, the petitioner avers that counsel was ineffective in failing to engage him in a Momon voir dire. Counsel admitted that he did not engage in the line of questioning required by Momon. He further stated that at the time of the trial, it was not common practice for defense counsel to bring the defendant before the court and make a record that the defendant would not be testifying. The Momon Court made clear that the Momon decision was a clarification that the right to testify is fundamental and must be personally waived by the defendant. Momon, 18 S.W.3d at 163. The Momon decision set forth guidelines for the courts to follow to protect the defendant's right to testify and went on to state that "the mere failure to follow these guidelines will not in and of itself support a claim for deprivation of the constitutional right to testify if there is evidence in the record to establish that the right was otherwise personally waived by the defendant." Id. The record reflects that the petitioner waived his right to testify. He testified at the post-conviction hearing that he alone made the decision not to testify. Our review of the record reveals that the petitioner knowingly and willingly decided not to testify at his trial. Counsel testified that he and the petitioner spoke several times about the petitioner's right to testify and that they discussed the advantages and disadvantages such a decision entailed. The post-conviction court found no evidence to the contrary. Accordingly, we agree that the petitioner has failed to carry his burden of proof on this allegation.

## Conclusion

Based on the foregoing and the record as a whole, we affirm the denial of post-conviction relief.


_____

JOHN EVERETT WILLIAMS, JUDGE